[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO OPEN JUDGMENT
The marriage of the parties was dissolved by a judgment of this court (Norko, J.) on May 10, 1991.
By her motion filed August 2, 1991, the defendant seeks to have that judgment reopened on the claim that she was not emotionally or physically well enough on the date of the dissolution to understand the written agreement signed by her and incorporated into the court's judgment.
She further claims that the terms of the judgment concerning periodic alimony were not fair and equitable in that she became obliged to pay the mortgage on the marital home while receiving one dollar per year alimony for seven years.
CT Page 10058 In support of her motion the defendant testified that on the morning of the judgment she took five prozac and one other prescription drug before coming to court. She claimed that, consequentially, she was nauseous, dizzy and confused by the time she was presented with a written agreement for her signature by her attorney. She further testified that she was experiencing severe stress and anxiety consistent with the emotional problems which had been afflicting her for over one year previously.
In addition to matters concerning her state of mind, the defendant offered testimony, over objection by the plaintiff, that prior to the marriage the plaintiff had "extorted" money from the refinancing of the marital home, misappropriated the proceeds and that he had entered into an extramarital relationship.
The defendant acknowledged that each of these alleged events occurred prior to the date of judgment and the parties were each well aware of them when drafting their separation agreement.
In regard to her ingestion of prescription drugs on the morning of the judgment, the defendant testified that she had informed her attorney of her actions, but she did not mention that to the plaintiff, his attorney or the court.
A transcript of Judge Norko's remarks on May 10, 1991, indicates that he made specific inquiry of both parties regarding their agreement. He asked the defendant if she had read each and every paragraph of the agreement and whether she understood her responsibilities under that agreement. She responded "Yes, sir" to each inquiry. When asked if she thought the agreement was fair and equitable she replied "Uh, hum, yes, sir." (Defendant's Exhibit No. 5, p. 1-5)
As part of her argument in support of her motion to open the judgment, the defendant asks the court to construe the "Uh, hum", part of her answer as evidence of her reluctance, confusion and/or lack of comprehension.
Having heard the evidence and testimony regarding the motion to open, and giving it the weight and credibility the court feels it deserves, the following findings and conclusions are made.
CT Page 10059 The defendant has failed to establish to this court's satisfaction that her ingestion of prescription drugs, if such an act did occur, impaired her capacity to know and understand what transpired at the time the judgment was entered.
Considerable deference is given to the observations and findings of Judge Norko as he presided over and adjudicated the issues before him on that date.
The court further finds that the defendant's prior history of mental and emotional problems was well known to both parties and their counsel. Those factors were taken into consideration as they negotiated their agreement, so much so that the agreement specifically recited, "alimony shall not be modifiable as a result of mental impairment relating to the same psychiatric condition related to the breakdown of the marriage.
The court finds that the parties and the court took every possible step at the time of judgment to assure that the agreement was fair and equitable and to ascertain if there was any reason why the judgment incorporating that agreement should not be entered.
For the foregoing reasons the defendant's motion to open the judgment of May 10, 1991 is denied.
Doherty, J.